IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

ELIZABETH A. CIESLA,

       Plaintiff,

v.

CITY OF TEMPLE TERRACE,

       Defendant.

_____/

CASE NO.:  22-CA-003756
DIVISION:  D

## COMPLAINT

The Plaintiff, ELIZABETH A. CIESLA (hereinafter "CIESLA"), by and through her undersigned counsel, sues the Defendant, CITY OF TEMPLE TERRACE (hereinafter "Defendant" or "TEMPLE TERRACE"), and alleges:

## PARTIES AND JURISDICTIONAL ALLEGATIONS

1.    That this action arises under the Florida Civil Rights Act, Florida Statutes Chapter 760, Part I ("the Florida Civil Rights Act") and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000(e), *et seq.*, as amended (hereinafter "Title VII").

2.    That venue properly lies in Hillsborough County, Florida because all unlawful employment practices alleged herein were committed in said county.

3.    That at all times material to this Complaint, CIESLA, a female, was and is a resident of Temple Terrace, Hillsborough County, Florida, and was employed by Defendant from on or about June 4, 2018, through August 25, 2001. CIESLA was employed as a GIS Analyst.

4.    That TEMPLE TERRACE is an incorporated municipality within Hillsborough County, Florida.  At all times material to this Complaint, TEMPLE TERRACE was responsible for the actions and inactions of its employees, agents, and officers.

5.    That at all times material to this Complaint, TEMPLE TERRACE was a "covered" employer under Florida Statutes Chapter 760.02 and Title VII in that it employed fifteen (15) or more employees for each working day of twenty (20) or more calendar weeks in the current or preceding relevant calendar year, from and including CIESLA's date of hire though the date of her

termination.

6.      That prior to filing this action, on or about February 2, 2022, CIESLA timely filed a written Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), charge number 511-2021-02644, which was duly filed with the Florida Commission of Human Relations (hereinafter "FCHR").

7.      That on or about February 8, 2022, CIESLA received a Determination and Notice of Rights along with a Notice of Right to Sue entitling CIESLA to institute a civil action with respect to said Charge within ninety (90) days of the date of receipt of the Notice.  A copy of the Notice is attached hereto and incorporated by reference herein as Exhibit "A".

8.      CIESLA has otherwise fulfilled all conditions precedent to the filing of this action.

## GENERAL ALLEGATIONS

9.      That this action arises from violations by TEMPLE TERRACE of the Florida Civil Rights Act and Title VII, by unlawfully discriminating and harassing CIESLA based on her gender, thus creating and permeating a hostile work environment by and through the actions of its own employees, agents, and officers; violations by TEMPLE TERRACE of the Florida Civil Rights Act and Title VII by unlawfully retaliating against CIESLA by terminating her position following her communications with her employer about her opposition to the hostile work environment; violations by TEMPLE TERRACE in its negligent retention of one of its employees in spite of their awareness of multiple incidences that date back prior to CIESLA's work tenure with TEMPLE TERRACE, which were brought to the their attention by complaints from employees, including CIESLA, that would convey to a reasonably objective person the employee's unfitness to remain employed with TEMPLE TERRACE.

10.     That on or about June 4, 2018, CIESLA was hired by Defendant as a Planner. Following her hiring, she was promoted to a GIS Analyst.

11.     That on or about August of 2020, CIESLA was threatened by a co-worker named Leonard Newton ("Newton").  On Monday, August 31, 2020, CIESLA reported the incident to her supervisor, Troy Tinch, an employee of TEMPLE TERRACE.  Mr. Tinch advised CIESLA that he would report the incident to Human Resources ("HR").  During her discussions with Mr. Tinch on August 31, CIESLA told him that she was frightened, and she requested to be relocated to a different office away from her co-worker, Newton.

12.     Defendant did not take any action to resolve CIESLA's concerns despite being aware of Newton's previous criminal background.

13.     Following the incident, CIESLA took various precautions at the workplace, including covering her office door windows and keeping both doors to her office locked. Also, she reported to Mr. Tinch that she was subjected to unwelcome behavior from several other male co-workers at the public works building where she worked. CIESLA further stated to her supervisor that these men made her feel uncomfortable and that as a result, she would often experience panic attacks while at work.

14.     That at all times material to the allegations in this Complaint, Mr. Tinch, an employee and supervisor for the Defendant, was aware of the harassment from CIESLA's male co-workers at the workplace.

15.     That the harassment that CIESLA experienced at the workplace was directed towards her because of her gender.

16.     That at no time during any of the allegations in this Complaint did Mr. Tinch take any action to investigate, cure, or resolve CIESLA's complaints. Instead, he removed CIESLA's window coverings and told her she could not keep the doors to her office locked.

17.     After receiving several complaints from CIESLA about being harassed at work, Mr. Tinch began unlawfully discriminating and retaliating against her. Some examples of retaliation included sending continuous text messages to CIESLA and having staff call her while she was on her lunch break.

18.     In February 2021, Mr. Tinch called CIESLA into his office and reprimanded her in front of another co-worker for "not being focused on your job" and "not doing your job correctly". When CIESLA asked for specific examples, Mr. Tinch remained silent.

19.     In May 2021, CIESLA advised Defendant that she needed to stay home to take care of her disabled father and she had applied under the Family Medical Leave Act ("FMLA").

20.     In August 2021, CIESLA was advised by HR that she exhausted FMLA and that she had to report to work by August 25, 2021. While CIESLA was on FMLA, she asked Mr. Tinch and the TEMPLE TERRACE city manager, Charles Stephenson, to allow her to work from home. CIESLA advised Mr. Stephenson in an email that she did not feel safe at work because of the ongoing harassment. Further, she advised that she was able to perform the essential functions of her job while working from home.  Mr. Stephenson stated that he would not entertain CIESLA's

request despite the fact that other employees were permitted to work from home.

21. On August 25, 2021, CIESLA received an email from HR stating that she was terminated because of her failure to return to work.

## COUNT I – UNLAWFUL DISCRIMINATION IN VIOLATION OF
## TITLE VII– SEXUAL HARASSMENT/HOSTILE WORK
## ENVIRONMENT BASED ON GENDER

22. That this an action for damages pursuant to Title VII for Defendant's creation and permeation of a hostile work environment based on CIESLA's gender, that has materially affected the terms, conditions, and privileges of CIESLA's employment with Defendant.

23. That CIESLA reaffirms and alleges the allegations set forth in paragraphs 1 through 21 above, as though fully set forth herein.

24. That on or about June 4, 2018, CIESLA was hired by TEMPLE TERRACE and continued working with Defendant until her discharge on August 25, 2021. During her work tenure, CIESLA was subjected to unwelcome sexual harassment by TEMPLE TERRACE, primarily through the actions of its employees, including Newton. Specifically, TEMPLE TERRACE's conduct and treatment of CIESLA by and through its employees, agents, and officers was so pervasive, persistent, and severe that it significantly impacted CIESLA and altered the terms and conditions of her employment; thus, creating a hostile and offensive working environment.

25. That as a direct and proximate result of TEMPLE TERRACE's discrimination and retaliation against CIESLA, by and through its own employees, agents, and officers, CIESLA has been deprived of income in the form of wages and other benefits that she would be entitled to as an employee of the Defendant.

26. Furthermore, as a direct and proximate result of TEMPLE TERRACE's discrimination against CIESLA, she has suffered and has endured humiliation, damage to her reputation, mental anguish, emotional distress, loss of dignity, and pain and suffering.

27. That on or about February 2, 2022, CIESLA filed a Charge of Discrimination with the EEOC and the FHCR on the basis of her gender.

28. CIESLA has retained the services of Serrano Law to maintain this action and has agreed to pay said attorneys a reasonable fee for services rendered.

WHEREFORE CIESLA requests the following relief:

a.      An Order declaring that TEMPLE TERRACE engaged in discriminatory practices in violation of Title VII;

b.      An Order enjoining TEMPLE TERRACE and its employees, agents, and officers from engaging in such unlawful employment practices in the future together with any such affirmative action as this Court deems just and appropriate;

c.      Damages in the form of back pay for wages, salary, employment benefits, or other compensation denied or lost by the foregoing acts;

d.      Prejudgment interest at the prevailing rate from the date CIESLA was terminated to the judgment on the award of back pay for wages, salary, employment benefits, or other compensation and actual monetary losses sustained by CIESLA as a result of the foregoing acts;

e.      Post-judgment interest;

f.      Compensatory damages to the maximum extent allowed under the law for CIESLA's damages for mental anguish, loss of dignity, and any other intangible injuries sustained by CIESLA, together with any other relief this Court deems just and proper;

g.      Punitive damages to the maximum extent allowed under the law;

h.      Front pay;

i.      An award of costs and attorney's fees pursuant to Title VII.

## COUNT II- UNLAWFUL DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT– SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT BASED ON GENDER

29.     That this is an action for damages pursuant to the Florida Civil Rights Act for TEMPLE TERRACE's creation and permeation of a hostile work environment based on CIESLA's gender, that has materially affected the terms, conditions, and privileges of CIESLA's employment with Defendant.

30.     That CIESLA reaffirms and alleges the allegations set forth in paragraphs 1 through 21 above, as though fully set forth herein.

31.     That on or about June 4, 2018, CIESLA was hired by TEMPLE TERRACE and continued working with Defendant until her discharge on August 25, 2021. During her work tenure, CIESLA was subjected to unwelcome sexual harassment by TEMPLE TERRACE,

primarily through the actions of its employees, including Newton. Specifically, TEMPLE TERRACE's conduct and treatment of CIESLA by and through its employees, agents, and officers was so pervasive, persistent, and severe that it significantly impacted CIESLA and altered the terms and conditions of her employment; thus, creating a hostile and offensive working environment.

32.    That as a direct and proximate result of TEMPLE TERRACE's discrimination and retaliation against CIESLA, by and through its own employees, agents, and officers, CIESLA has been deprived of income in the form of wages and other benefits that she would be entitled to as an employee of the Defendant.

33.    Furthermore, as a direct and proximate result of TEMPLE TERRACE's discrimination against CIESLA, she has suffered and has endured humiliation, damage to her reputation, mental anguish, emotional distress, loss of dignity, and pain and suffering.

34.    That on or about February 2, 2022, CIESLA filed a Charge of Discrimination with the EEOC and the FHCR on the basis of her gender.

35.    That CIESLA has retained the services of Serrano Law to maintain this action and has agreed to pay said attorneys a reasonable fee for services rendered.

WHEREFORE, CIESLA requests the following relief:

a.    An order declaring that TEMPLE TERRACE has engaged in discriminatory practices and sexual harassment in violation of the Florida Civil Rights Act.

b.    Back pay and reimbursement for lost benefits, plus pre-judgment interest, court costs, and reasonable attorneys' fees pursuant to Florida Statute §760.11.

c.    Punitive and compensatory damages pursuant to Florida Statute §760.11, including but not limited to, damages for mental anguish, loss of dignity and any other intangible injuries sustained by CIESLA together with any other and further relief as this Court deems just and proper.

d.    An Order enjoining TEMPLE TERRACE from engaging in such unlawful employment practices in the future together with any such affirmative action as this Court deems just and appropriate.

### COUNT III – UNLAWFUL RETALIATION IN VIOLATION OF TITLE VII

36.    That CIESLA reaffirms and alleges the allegations set forth in paragraphs 1 through 21 above, as though fully set forth herein.

37.    That as a direct result of her communications with her employer, TEMPLE TERRACE, about the hostile work environment and employment discrimination she was experiencing, and her general opposition to the Defendant's actions by and through its own employees, agents, and officers, CIESLA was terminated and thus retaliated against by TEMPLE TERRACE in violation of Title VII, 42 USC §2000e (3)(a).

38.    That TEMPLE TERRACE's violation of Title VII based on retaliation, was willful and with malice and/or with reckless disregard to CIESLA's statutorily protected rights.

39.    That as a direct and proximate result of TEMPLE TERRACE's retaliatory actions and conduct as described above, CIESLA has suffered emotional distress, mental pain and suffering, and has sustained past and future monetary losses, inconveniences, mental anguish, along with lost back and front pay, interest on that pay, bonuses and other fringe benefits. The damages are continuing.

40.    That on or about February 2, 2022, CIESLA filed a Charge of Discrimination with the EEOC and the FHCR on the basis of retaliation.

41.    That CIESLA has retained the services of Serrano Law to maintain this action and has agreed to pay said attorneys a reasonable fee for services rendered.

WHEREFORE CIESLA requests the following relief:

a.    An Order declaring that TEMPLE TERRACE has engaged in retaliatory and discriminatory practices in violation of Title VII;

b.    An Order enjoining TEMPLE TERRACE and its employees, agents, and officers from engaging in such unlawful employment practices in the future together with any such affirmative action as this Court deems just and appropriate;

c.    Damages in the form of back pay for wages, salary, employment benefits, or other compensation denied or lost by the foregoing acts;

d.    Prejudgment interest at the prevailing rate from the date CIESLA was terminated to the judgment on the award of back pay for wages, salary, employment benefits, or other compensation and actual monetary losses sustained by CIESLA as a result of the foregoing acts;

e.    Post-judgment interest;

f.      Compensatory damages to the maximum extent allowed under the law for CIESLA's damages for mental anguish, loss of dignity, and any other intangible injuries sustained by CIESLA, together with any other relief this Court deems just and proper;

g.      Punitive damages to the maximum extent allowed under the law;

h.      Front pay;

i.      An award of costs and attorney's fees pursuant to Title VII.

## COUNT IV - UNLAWFUL RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

42.      That CIESLA reaffirms and alleges the allegations set forth in paragraphs 1 through 21 above, as though fully set forth herein.

43.      That as a direct result of her communications with TEMPLE TERRACE about the hostile work environment and employment discrimination she was experiencing, and her general opposition to the Defendant's actions by and through its own employees, agents, and officers, CIESLA was terminated and thus retaliated against by TEMPLE TERRACE in violation of Florida Statutes § 760.10 (7).

44.      That as a direct and proximate result of the Defendant's retaliatory actions and conduct as described above, CIESLA has suffered emotional distress, mental pain and suffering, and has sustained past and future monetary losses, inconveniences, mental anguish, loss of dignity, along with lost back and front pay, interest on that pay, bonuses and other fringe benefits. The damages are continuing.

45.      That on or about February 2, 2022, CIESLA filed a Charge of Discrimination with the EEOC and the FHCR on the basis of retaliation.

46.      That CIESLA has retained the services of Serrano Law to maintain this action and has agreed to pay said attorneys a reasonable fee for services rendered.

WHEREFORE CIESLA respectfully requests the following relief:

a.      Declare that TEMPLE TERRACE has engaged in retaliatory and discriminatory practices in violation of The Florida Civil Rights Act;

b.      Enjoin TEMPLE TERRACE and its employees, agents, and officers from engaging in such unlawful employment practices in the future together with any such affirmative action as

this Court deems just and appropriate;

      c.    Award CIESLA damages in the form of back pay and reimbursement for lost benefits, plus prejudgment interest, court costs, and reasonable attorneys' fees pursuant to Florida Statute § 760.11 (5);

      d.    Award CIESLA compensatory damages pursuant to Florida Statute § 760.11, including but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries she sustained together with any other and further relief as this Court deems just and proper.

## COUNT V – NEGLIGENT RETENTION AGAINST
## TEMPLE TERRACE

    47.    That CIESLA reaffirms and alleges the allegations set forth in paragraphs 1 through 21 above, as though fully set forth herein.

    48.    That at all times material to this Complaint, TEMPLE TERRACE was responsible for the employment and retention of its various employees, agents, and officers, including Newton. As it pertains to the allegations in this Complaint, CIESLA's co-worker, Newton, was involved in the creation and permeation of a hostile work environment against CIESLA.

    49.    That prior to the beginning of CIESLA's work tenure, TEMPLE TERRACE became aware of or should have become aware of multiple incidences about Newton that revealed his unfitness to remain employed with the Defendant.

    50.    That at all times material to this Complaint, TEMPLE TERRACE was required to conduct an appropriate investigation of its own employees and in this case, failed to do so.

    51.    That at all times material to this Complaint, TEMPLE TERRACE failed to take appropriate disciplinary action against Newton, including an appropriate investigation into the various complaints made by CIESLA; failing to discharge Newton; or failure to reassign Newton to work at a different location.

    52.    That at all times material to this Complaint, TEMPLE TERRACE owed a duty of care to all of its employees, including CIESLA, to maintain a suitable and non-offensive working environment and to retain only safe and competent employees.

    53.    That at all times material to this Complaint, TEMPLE TERRACE breached its duty of care owed to CIESLA by failing to conduct any investigations into the reported behavior of

Newton, failing to discharge him, or failing to reassign him to a different location, in spite of having actual and/or constructive knowledge of the reprehensible conduct being committed by Newton toward CIESLA.

54.     That as a direct and proximate result of TEMPLE TERRACE's negligent retention of Newton as described herein, CIESLA sustained damages, which damages include embarrassment, anxiety, economic loss, humiliation, pain and suffering, loss of enjoyment of life and severe emotional distress.

55.     That CIESLA intends to seek leave to amend this Complaint upon proffer of evidence pursuant to Florida Statute §768.72, demonstrating a reasonable basis for punitive damages under this count.

WHEREFORE CIESLA demands judgment for damages against TEMPLE TERRACE, including an award for compensatory damages, punitive damages, court costs, interest, and such other and further relief as this Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.


MICHAEL A. SERRANO, ESQ.
Florida Bar No.: 527221
mike@mikeserranolaw.com
CANDACE KNOX HARTLEY, ESQ.
Florida Bar No.: 117794
cea@mikeserranolaw.com
SERRANO LAW
25275 Wesley Chapel Boulevard
Lutz, Florida 33559
(813) 929-4231
(813) 948-1905 Fax
Attorneys for Plaintiff

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Tampa Field Office
501 East Polk St ,Suite 1000
Tampa ,Florida ,33602
(813) 228-2310
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/08/2022

**To:** Ms. Elizabeth A. Ciesla
15911 W Lake Burrell Drive
LUTZ, FL 33549

Charge No: 511-2021-02644

EEOC Representative and email:     My Linh Kingston
Federal Investigator
mylinh.kingston@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 511-2021-02644.

On Behalf of the Commission:

EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Tampa Field Office**
501 East Polk St ,Suite 1000
Tampa ,Florida ,33602
(813) 228-2310
Website: www.eeoc.gov

**Cc:**
Janet Bledsoe
Human Resources Director
11250 N 56th St
Temple Terrace, FL 33617


Michael A Serrano
AttorneySerrano Law Group
25275 Wesley Chapel Blvd
Lutz, FL 33559


Please retain this notice for your records.