UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH E. CIESLA,

    Plaintiff,

v.                                    Case No: 8:22-cv-1142-CEH-TGW

CITY OF TEMPLE TERRACE,

    Defendant.
_____

## ORDER

This matter is before the Court on the Plaintiff's Amended Motion for Remand (Unopposed). Doc. 16. Plaintiff, Elizabeth Ciesla, requests the Court remand the action to the Thirteenth Judicial Circuit in and for Hillsborough County. Defendant does not object to the case being remanded to state court. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Amended Motion for Remand and remand this action to the Circuit Court for the Thirteenth Judicial Circuit.

## DISCUSSION

In this discrimination employment action, Plaintiff, Elizabeth Ciesla, filed a five-count complaint in state court against Defendant City of Temple Terrace. Doc. 1-4. The action was removed to federal court by Defendant based on the Court's original jurisdiction over the Plaintiff's claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), as amended ("Title VII"). Doc. 1. On May

26, 2022, prior to Defendant answering the complaint, Plaintiff filed an Amended Complaint dropping her federal claims brought under Title VII and stating only state law claims for sexual harassment/hostile work environment in violation of the Florida Civil Rights Act (Count I); unlawful retaliation in violation of the Florida Civil Rights Act (Count II); and negligent retention (Count III). Doc. 13.

When this action was removed, the Court had original jurisdiction over Plaintiff's federal claims brought under Title VII, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's pendent state law claims, *see* 42 U.S.C. § 1367(a). *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). However, when Plaintiff amended her complaint to remove all federal claims, the Court's jurisdiction, upon which the supplemental jurisdiction rested, ceased to exist. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("once the amended complaint was accepted by the district court, the original complaint was superseded and there was no longer a federal claim on which the district court could exercise supplemental jurisdiction for the remaining state law claims"). In *Rockwell International Corp. v. United States*, 549 U.S. 457, 473–74 (2007), the Supreme Court concluded that the withdrawal of allegations in an amended complaint which had formed the basis of federal jurisdiction defeats jurisdiction.

Here, Plaintiff has amended her complaint to remove all federal claims that provided this Court with original jurisdiction.[1] This case differs from a situation in

---

[1] Both Plaintiff and Defendant are residents of Florida and thus diversity jurisdiction does not exist.

which a district court *dismisses* the federal claim and has the discretion to continue to exercise jurisdiction over the remaining state law claims. *See Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1568 (11th Cir.1994). "Section 1367(c) gives a court discretion to dismiss a supplemental claim or party when 'the district court has *dismissed* all claims over which it has original jurisdiction.' 28 U.S.C. § 1367(c)(3)." *Id.* (emphasis added). However, in this instance, there has been no dismissal of the federal claims by the Court. Rather, Plaintiff amended her Complaint and removed all the federal claims that provided the Court with a basis for subject matter jurisdiction. Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Amended Motion for Remand (Unopposed) (Doc. 16) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida.

4. The Clerk is further directed to terminate any pending motions and deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on May 27, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any